Form No. 3 (Pg. 1)

| B 104<br>(Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|---|

| PLAINTIFFS<br>VIVIAN ROVIRA SANTIAGO | DEFENDANTS<br>DORAL BANK |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>Antonio Fiol Matta, Esq. 1561 Américo Miranda Ave.<br><br>Caparra Terrace, SJ, PR 00921  787-792-4368 | ATTORNEYS (if Known)<br><br>SERGIO A. RAMÍREZ DE ARELLANO, ESQ. |
|---|---|

*Received and filed cashier 1 — 2007 NOV 14 AM 10:01 — U.S. Bankruptcy Court for the District of Puerto Rico*

| PARTY (Check one box only) | ☐ 1 U.S. PLAINTIFF | ☐ 2 U.S. DEFENDANT | ☑ 3 U.S. NOT A PARTY |
|---|---|---|---|

*CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)*

A complaint seeking a judgment to modify a secured claim pursuant to 11 U.S.C. §505(a) and 11 U.S.C. §1322(b)(2).

Jurisdiction is invoked under 28 U.S.C. §157(a)(b)(1)(2)(K) and §1334.

## NATURE OF SUIT
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| ☐ 454 To Recover Money or Property | ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan | ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action |
| ☑ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523 | ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 457 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 To obtain an injunction or other equitable relief | ☐ 498 Other (specify) |
| ☐ 424 To object or to revoke a discharge 11 U.S.C. §727 | ☐ 458 To subordinate any allowed claim or interest except where such subordination is provided in a plan | |

| ORIGIN OF PROCEEDINGS<br>(Check one box only.) | ☑ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND<br>$ N/A | OTHER RELIEF SOUGHT<br>MODIFY A SECURED CLAIM | ☐ JURY DEMAND |
|---|---|---|---|

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>VIVIAN ROVIRA SANTIAGO | BANKRUPTCY CASE NO.<br>07-04630 SEK | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>PUERTO RICO | DIVISIONAL OFFICE | NAME OF JUDGE<br>SARA DE JESÚS |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE   (Check one box only.) | ☐ FEE ATTACHED | ☑ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE<br>11/13/2007 | PRINT NAME<br>Antonio Fiol Matta, Esq. | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

29-0718

RECEIVED AND
CASHIER 1

2007 NOV 14  AM 10: 02

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF
PUERTO RICO

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:

VIVIAN ROVIRA SANTIAGO

Debtor(s)

VIVIAN ROVIRA SANTIAGO
Plaintiff

vs.

DORAL BANK

Defendant

CASE NUMBER: 07-04630 SEK

CHAPTER 13

ADVERSARY NO.

11 U. S. C . §506 (a) ; CRAMDOWN, AND
DETERMINATION OF EXTENT OF LIEN

## COMPLAINT

TO THE HONORABLE COURT:

VIVIAN ROVIRA SANTIAGO , Debtor /Plaintiff in this case, through their undersigned

counsel, and respectfully state and aver as follows:

## INTRODUCTION

1. This is a complaint seeking a judgment to modify a secured claim.  This complaint

seeks to divide defendant's claim over a  property over which the lien is attached, from the

treatment to be given to the rest of the claim pursuant to 11 U.S.C. § 506(a) and 11 U.S.C.

§1322(b)(2).

## JURISDICTION OF THIS COURT

2. Jurisdiction is invoked under 28 U.S.C. §157 (a)(b)(I)(2)(K) and §1334. This is a core

proceeding.

Page 2

## VENUE

3. Venue is proper in this District Court under 28 U.S.C. §1408 & §1409, in as much as all the events or omissions giving rise to the claims of the captioned case occurred within the territory of this jurisdictional district.

## PARTIES

4. VIVIAN ROVIRA SANTIAGO , hereinafter the Debtor, is the petitioner in this Chapter 13 case under the Bankruptcy Code.

5. Defendant, Doral Bank, under belief and knowledge is a corporation that is registered and does business under the laws of the Commonwealth of Puerto Rico. The bank's President is Mr. Glenn Wakeman. Their mailing address is Mr. Glenn Wakeman, President, P. O. Box 71528, San Juan, Puerto Rico 00936-8628. They are also represented in the bankruptcy case by Mr. Sergio A. Ramírez de Arellano, Esq., P. O. Box 9024253, San Juan, PR 00936-8212.

## FACTS

6. The Debtor filed the instant voluntary petition under chapter 13 of the Bankruptcy Code on August 17, 2007.

7. The Debtors owns a property interest in a real property located at Sector El Paraiso, B-11, Carr. #172, Km. 5.7, Caguas, Puerto Rico which is subject to a lien in the principal amount of $326,700.00 created by Deed #463 of October 29, 2002 by Notary Public Victor R. Nuñez Arco, Esq. See the attachment, copy of Deed #463. **Exhibit I**. This property responds under the deed for the sum of $180,700.00. This claim is contained in Doral Bank's Claim #9.

8. The Debtor has filed an amended Chapter 13 Payment Plan dated 11/09/2007, copy of which is attached to this Pleading and marked **Exhibit II**, it proposes, with respect to Doral

Page 3

Financial Corporation's claim number 9, in the continuation sheet, second page, it proposes:

"Claim #9 of Doral Bank shall be bifurcated. Account #3002001631contained in said claim  is filed in the amount of $426,728.61.

Claim #9 is guaranteed by a mortgage, in the principal amount of $326,700.00 secured by the real properties located at Sector El Paraiso B-11, Carr. #172, Km. 5.7,Caguas, Puerto Rico. This is identified as Property A in the mortgage deed and responds for $180,700.00 of the mortgage amount; identified as Property B in the mortgage deed is Urb. Villa Del Rey LL-25, Caguas, Puerto Rico and responds for $81,300.00 of the mortgage amount; identified as Property C in the mortgage deed is a property located at Carr. #172, Sector Los Meléndez, Caguas Puerto Rico  and responds for $58,700.00 of the mortgage amount. The mortgage which constitutes the collateral on these properties is Deed No. 463 of October 29, 2002 of notary Victor R. Nuñez Arco, Esq.

The Debtors separate the mortgage amount of $180,700.00 for which their residence, Property A, responds from the rest of the amount owed under Claim #9, account #3002001631. The Debtors shall pay Doral Bank the amount which is set at a principle amount of $180,700.00, plus any interest or additional sums owed pro-rata on the mortgage. Said Mortgage be paid over the term of 30 years with interest at 8.5% per annum in 360 equal monthly payments of $1,389.42 commencing in the month of September 1, 2007. The mortgage shall be considered current. Other clauses of the mortgage not inconsistent with this plan shall remain in effect.

The monthly payment of $1,389.42 may vary depending on the final determination of the monthly amount to be paid through the corresponding complaint to be filed.

Page 4

*The Debtor shall pay through the plan any amounts owed to CRIM on the property*

*identified as Property A above. All other amounts owed to CRIM on other properties shall be*

*paid if and upon the sale of the same. Any funds available after payment of secured creditors and*

*expenses of the sales shall be delivered to the Trustee.*

*The Debtor consents to the lifting of the automatic stay to all other properties listed in*

*her Schedule A, to their secured creditors, not including the property identified as Property A in*

*deed #463 above, Sector El Paraíso B-11, Carr. #172, Km. 5.7,Caguas, Puerto Rico.*

*The treatment to be obtained through the complaint for property A, if obtained, shall*

*prevail whether the plan is ultimately confirmed or if confirmed, completed.*

*Confirmation of this plan shall constitute a determination that the plan complies with all*

*the requirements of 11 U.S.C. §1325 & §521."*

9.  The unsecured portion of Claim #9, if any, will receive pro rata disbursements for the

unsecured balance of such claim as it is filed. The creditor will retain the lien until the secured

portion of the claim, as divided is paid in full.

10. That notwithstanding the outcome of the case, if the relief requested herein is granted,

it shall survive the case even if it is dismissed or converted to Chapter 7.

WHEREFORE, it is requested of this Court that:

1. Confirm the amended Chapter 13 Payment Plan dated 11/09/2007;

2. Allow the treatment proposed under the plan dated 11/09/2007 for Claim #9 of Doral

Bank;

3. That the unsecured portion of Claim #9, if any, will receive pro rata disbursements for

the unsecured balance of such claim as it is filed. The creditor will retain the lien until the

Page 5

secured portion of the claim, as divided is paid in full.

4. That notwithstanding the outcome of the case, if the relief requested herein is granted,

it shall survive the case even if it is dismissed or converted to Chapter 7.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this November 9, 2007.

**ANTONIO FIOL MATTA
LAW OFFICES**
Attorney for Debtor/Plaintiff
1561 Américo Miranda Avenue
San Juan, PR 00921
Tel. 787-792-4368
Fax. 787-792-4763
Email: afiollaw@onelinkpr.net

By: _____

Antonio Fiol Matta
USDC #201501

Y año de su otorgamiento.——
expedí PRIMERA COPIA——
CERTIFICADA a favor de——
DORAL MORTGAGE——————
CORPORATION.——————

——————DOY FE——————

*B-11- 180,700.00*
*LL-25  81,300.00*
*Consudenda  58,700.00*
*——— total  220,700*

*Feasan:*
*14933 - 26,26*
*# 27061*

————————PRIMERA HIPOTECA————

———En la Ciudad de SAN JUAN—————— Puerto Rico, a ——

veintinueve (29) de octubre de dos mil dos (2002)—————

————————————————————————————

————————————————ANTE MI————————

——— VICTOR R. NUÑEZ ARCO——————————

Abogado y Notario Público de esta Isla de Puerto Rico, con-

residencia y estudio abierto en San Juan, Puerto Rico.——

————————————COMPARECEN————————————

———Las personas mencionadas en el párrafo SEPTIMO de la pre-

sente escritura (en adelante denominadas "el Deudor").——

———Yo, el(la) Notario, por la presente DOY FE de conocer——

personalmente a los aquí comparecientes y, por sus dichos de

sus respectivas edades, estado civil, ocupaciones y residen-

cia. Me aseguran tener, y a mi juicio tienen, la capacidad-

legal necesaria para otorgar esta escritura; por lo que ——

libre y espontáneamente————————————————————

————————————————EXPONEN————————————

———PRIMERO: Que el Deudor es dueño en pleno dominio de la—

propiedad descrita en el párrafo QUINTO de la presente (en-

adelante denominada "la Propiedad") y tiene el derecho de——

hipotecarla (y, si esta hipoteca recae sobre un arrendamien-

to, que el mismo está en pleno vigor y efecto sin haber————

sufrido modificación alguna excepto lo que se estipula en el

inciso "5" del párrado CUARTO de la presente, y sin haber————

incumplimiento alguno por parte del arrandador o del arren——

datario de dicho contrato, que la Propiedad se halla libre de

cargas y gravámenes, y que el Deudor garantizará y defenderá

el título de dominio sobre tal Propiedad contra cualesquiera

reclamaciones o demandas, con sujeción a cualesquiera servi-

dumbres o restricciones enumeradas en una lista de excepcio-

nes a cubierta incluída en cualquier póliza de seguro de————

Acreedor mencionado en el párrafo OCTAVO de la presente —

(en adelante denominado "el Acreedor").————————————

———SEGUNDO: Que el Deudor adeuda al Acreedor la suma————

principal de TRESCIENTOS VEINTISEIS MIL SETECIENTOS —————

DOLARES ($326,700.00)————————————————————————

con intereses sobre la misma a razón del ocho punto cincuenta

por ciento (8.50———) anual, cuya deuda está evidenciada por

un pagaré al Acreedor, o su orden, fechado el veintinueve——

(29) de octubre de dos mil dos (2002)————————————————

y suscrito ante el Notario Público suscribiente bajo el———

affidavit número CUATRO MIL TREINTA Y CUATRO——————————

————————————————————————————————————————————

(en adelante denominado "el Pagaré") disponiendo el pago———

de plazos mensuales de principal e intereses y declarando——

el balance de la deuda, de no haberse pagado antes, vencido

y pagadero en PRIMERO DE NOVIEMBRE DE DOS MIL ————————

TREINTA Y DOS (2032)————————————————————————————

———TERCERO: El Deudor por la presente constituye PRIMERA

hipoteca voluntaria sobre la Propiedad para garantizar al—

Acreedor o al tenedor del Pagaré mediante endoso (a) el——

pago de la deuda evidenciada por el Pagaré, con sus intere-

ses incluyendo todas las renovaciones, extensiones y modifi-

caciones del mismo; (b) el cumplimiento de los pactos y ————

obligaciones del Deudor aquí contenidos; (c) el pago del————

diez por ciento (10%) de la suma principal original del—————

Pagaré para cubrir costas, gastos y honorarios de abogado——

en caso de que el tenedor del Pagaré tenga que ejecutar esta

Hipoteca (en adelante denominada "la Hipoteca") o tenga que—

recurrir al cobro de la deuda mediante acción judicial o a-

su cobro en cualquier procedimiento de quiebra del Deudor,——

cuya suma se considerará líquida y exigible por el mero acto

de radicarse la demanda o petición de quiebra y será ———————

principal del Pagaré para cubrir cualesquiera----

otros anticipos que puedan hacerse bajo esta Hipoteca; (e)

el pago del diez por ciento (10%) del principal original---

del Pagaré para cubrir intereses adicionales a los garanti-

zados por ley. En caso de que esta Hipoteca no fuere ins-

crita en el Registro de la Propiedad con el rango aquí----

convenido, ello constituirá un incumplimiento de la presen-

te, lo que dará derecho al Acreedor a recurrir a los reme-

dios provistos en el inciso 20 del párrafo CUARTO de la----

presente.----------------------------------------------------

---CUARTO: El Deudor y el Acreedor pactan y acuerdan lo---

siguiente:----------------------------------------------------

1.  PAGO DEL PRINCIPAL E INTERESES:------------------------

---El Deudor pagará puntualmente cuando venzan el principal

y los intereses de la deuda evidenciada por el Pagaré, cual

quier cargo por pago anticipado o moroso provisto en el ---

Pagaré, y todas las demás sumas garantizadas por esta -----

Hipoteca.----------------------------------------------------

2.  FONDOS PARA CONTRIBUCIONES, SEGUROS Y OTROS CARGOS:-----

---Sujeto a las disposiciones de ley aplicable o a cualquier

renuncia suscrita por el Acreedor, el Deudor pagará al -----

Acreedor en la fecha en que los plazos mensuales de princi-

pal e intereses venzan y sean pagaderos conforme al Pagaré

(o en otra fecha que el Acreedor designe por escrito y has-

ta que se satisfaga el Pagaré totalmente, una suma (en ----

adelante denomina "los Fondos") equivalente a una duodécima

parte de (a) las contribuciones e impuestos anuales sobre--

la Propiedad; (b) las rentas anuales de los arrendamientos;

si los hubiere; (c) los plazos anuales de las primas de se-

guros que cubran incendio y otros riesgos, los seguros que-

cubran la posible pérdida de rentas y cualesquiera otros---

seguros que cubran la Propiedad, que el Acreedor pueda -----

las rentas anuales fijas si las hubiere, según constan en el contrato de arrendamiento, todas según hayan sido estimadas inicialmente y de tiempo en tiempo por el Acreedor a base de las imposiciones, facturas y estimados razonables de las mismas. Cualquier renuncia por el Acreedor del---- requisito de que el Deudor pague tales Fondos, podrá ser-- revocada por el Acreedor a su entera discreción en cual-- quier momento mediante notificación escrita al Deudor. El Acreedor podrá requerir al Deudor que le pague por adelan- tado aquellos otros fondos para el pago de otras contribu- ciones, cargos, primas de seguros, tasaciones e imposicio- nes relacionados con el Deudor o la Propiedad, que el ----- Acreedor pueda razonablemente considerar necesarias para--- proteger sus intereses (en adelante denominadas "Otras----- Imposisiones"). A menos que se disponga lo contrario en--- una ley aplicable, el Acreedor o su opción podrá requerir- que el Deudor pague los Fondos destinados al pago de dichas Otras Imposiciones en una sola suma o plazo periódicos.---- ---Los Fondos serán mantenidos en una(s) institucion(es),-- cuyos depósitos o cuentas estén aseguradas o garantizados-- por una agencia federal o estatal, (incluyendo el Acreedor- si éste fuere una de dichas instituciones). El Acreedor--- destinará los Fondos al pago de dichas tarifas, cánones de- arrendamiento, contribuciones, impuestos, primas de seguros- y Otras Imposiciones, mientras el Deudor no incurra en ----- incumplimiento de cualquier pacto o acuerdo del Deudor conve nido en esta Hipoteca. El Acreedor no cobrará cargo alguno- por así depositar y utilizar los Fondos, por analizar dicha- cuenta y verificar y compilar dichos impuestos y facturas a menos que el Acreedor pague al Deudor intereses, utilidades o ganancias sobre los Fondos y que una ley aplicable permita

intereses sobre los Fondos y a menos que así se pacte o--- que una ley aplicable requiera que se paguen intereses,--- utilidades o ganancias, no se podrá exigir al Acreedor---- que pague al Deudor, intereses, utilidades o ganancias al- gunas sobre los Fondos. El Acreedor rendirá al Deudor sin cobrarle cargo alguno por ello un informe anual de contabi- lidad de los Fondos, en la forma que normalmente use para-- ese fin, que muestre los débitos y créditos que se hayan--- hecho a los Fondos y el propósito con que cada débito a los Fondos haya sido hecho. Los Fondos quedan por la presente- pignorados como colateral adicional para las sumas garan- tizadas en esta Hipoteca.----------------------------------

---Si el importe de los Fondos en poder del Acreedor a la-- fecha del informe anual de contabilidad excediere la canti- dad que el Acreedor considere necesaria para poder cubrir--- las contribuciones, tasaciones, primas de seguros, rentas y Otras Imposiciones, a su respectivo vencimiento, tal exce-- dente deberá ser acreditado a favor del Deudor en el próxi- mo o en los próximos plazos mensuales de los Fondos que--- venzan. Si en cualquier momento el importe de los Fondos-- en poder del Acreedor fuere menor que la cantidad que el--- Acreedor considere necesaria para pagar las contribuciones,- tasaciones, primas de seguros, rentas y Otras Imposiciones, cuando éstas venzan, el Deudor pagará al Acreedor cualquier cantidad que sea necesaria para cubrir el déficit y hará---- este pago dentro de los treinta días siguientes al aviso que el Acreedor envíe al Deudor requiriéndole el pago de tal --- déficit.------------------------------------------------------

---Cuando el Deudor incumpliere cualquier pacto o acuerdo--- convenido en esta escritura, el Acreedor a su entera discre- ción podrá utilizar los Fondos en su poder, en cualquier-----

que estén ahora vencidas o venzan en adelante o (2) como un
crédito contra las sumas garantizadas por esta Hipoteca.----

Cuando se pague en su totalidad todas las sumas garantizadas
por esta Hipoteca, el Acreedor reembolsará prontamente al --
Deudor cualesquiera Fondos que estén en su poder.-----------

3.  APLICACION DE PAGOS.------------------------------------

---Excepto cuando una ley aplicable disponga lo contrario,--
todos los pagos que el Acreedor reciba del Deudor conforme a
los términos y condiciones del Pagaré, o de esta Hipoteca,--
serán aplicados por el Acreedor en el siguiente orden de----
prioridad:  (1) las cantidades pagaderas al Acreedor por el-
Deudor bajo el inciso 2 de este párrafo; (2) los intereses--
pagaderos conforme al Pagaré; (3) el principal del Pagaré;--
(4) los intereses pagaderos sobre los anticipos que se hagan
conforme al inciso 8 de este párrafo; (5) la suma principal-
de los anticipos hechos conforme al inciso 8 de este párra-
fo; (6) los intereses pagaderos sobre cualquier Anticipo ---
Futuro; disponiéndose, que si más de un Anticipo Futuro es-
tuviere vencido, el Acreedor podrá aplicar los pagos recibi-
dos a los intereses pagaderos con relación a los Anticipos--
Futuros en aquel orden que a su entera discreción determine-
el Acreedor; (7) la suma principal de cualquier Anticipo----
Futuro; disponiéndose, que si más de un Anticipo Futuro estu-
viere vencido, el Acreedor podrá aplicar los pagos recibidos
a los balances de principal que se adeuden en los Anticipos-
Futuros en el orden que a su entera discreción determine; y-
(8) cualesquiera otras sumas garantizadas por esta Hipoteca-
en el orden que el Acreedor a su opción determine; disponién-
dose, que el Acreedor a su opción podrá aplicar cualesquiera
sumas pagaderas bajo el inciso 8 de este párrafo antes de pa-
gar los intereses y el principal del Pagaré, pero tales pagos
no afectarán el orden de prioridad para efectuar los pagos---
especificados en este inciso 3.----------------------------

cuotas, primas de seguros y otras imposiciones atribuibles a

la Propiedad, a opción del Acreedor, en la forma dispuesta--

en el inciso 2 de este párrafo o, si dichas partidas no fue-

ren pagadas en esa forma, mediante pago a su vencimiento----

directamente a quien se deban las mismas o en aquella otra--

forma que el Acreedor especifique por escrito. El Deudor---

entregará prontamente al Acreedor todas las notificaciones--

de vencimiento de cuantías adeudadas bajo este inciso 4 y en

caso de que el Deudor hiciere los pagos directamente, éste---

prontamente suministrará al Acreedor los recibos comprobando

dichos pagos. El Deudor cancelará inmediatamente cualquier--

gravamen que tenga o pueda tener un rango igual o superior--

al gravamen de esta Hipoteca y pagará, cuando estas hayan----

vencido, las reclamaciones de todas las personas que suplan-

mano de obra o materiales a o en relación con la Propiedad.--

A menos que obtenga una previa autorización escrita del -----

Acreedor, el Deudor no permitirá que se constituya sobre la--

Propiedad un gravamen inferior en rango a esta Hipoteca.-----

5. SEGUROS CONTRA RIESGOS.------------------------------------

---El Deudor mantendrá las mejoras ahora existentes y las que

en el futuro sean erigidas en la Propiedad debidamente asegu-

radas, por compañías aseguradoras que sean en todo momento---

aceptables al Acreedor, contra pérdidas por incendios, ries-

gos incluidos dentro del término "Cubierta Extensa", contra--

pérdida de rentas y contra aquellos otros riesgos, accidentes

responsabilidades y contingencias que el Acreedor (y, si esta

Hipoteca recae sobre un arrendamiento, el contrato de arren-

damiento) requiera, y en las cantidades y por los períodos--

que el Acreedor requiera. Todas las primas de las pólizas de

seguros serán pagadas por el Deudor, a opción del Acreedor,--

en la forma provista en el inciso 2 de este párrafo o median-

te pago a su vencimiento directamente a la aseguradora, o en-

otorgadas en una forma aceptable al Acreedor y deberán in-----
cluir una cláusula de seguro de hipoteca a favor del Acreedor
Hipotecario y en forma aceptable a éste. El Acreedor tendrá
derecho a ser el tenedor de las pólizas y el Deudor pronta-
mente le suministrará al Acreedor todos los avisos de reno-
vación y todos los recibos comprobando el pago de las primas.
Por lo menos treinta días antes de la fecha de expiración de
una póliza, el Deudor enviará al Acreedor una renovación de
la póliza en forma satisfactoria por éste. Si esta Hipoteca
recae sobre un arrendamiento, el Deudor suplirá al Acreedor-
un duplicado de todas las pólizas, avisos de renovación,-----
pólizas renovadas y recibos de primas pagadas si, por virtud
del contrato de arrendamiento, los originales de dichos do--
cumentos no pueden ser suplidos por el Deudor al Acreedor.---
----En caso de ocurrir una pérdida, el Deudor notificará por-
escrito inmediatamente a la aseguradora y al Acreedor. El--
Deudor por la presente renuncia y da poder al Acreedor para--
que como apoderado suyo, haga la prueba de pérdida; ajuste y
transija cualquier reclamación bajo las pólizas de seguros;-
comparezca en su nombre y litigue cualquier acción judicial
que surja de dichas pólizas de seguros; cobre y reciba indem-
nización de seguros y deduzca de dichas indemnizaciones los--
gastos en que el Acreedor haya incurrido en sus gestiones pa-
ra cobrar las mismas; disponiéndose, sin embargo, que nada de
lo contenido en este inciso 5 deberá ser interpretado como--
que obliga al Acreedor a incurrir en gastos o a recurrir a---
cualquier acción al amparo de las disposiciones de la presen-
te. El Deudor autoriza además al Acreedor para que a su op-
ción (a) retenga el balance de dichas indemnizaciones para --
reembolsar al Deudor el costo de restauración o reparación de
la Propiedad, o (b) aplique el balance de dichas indemnizacio
nes al pago de las sumas garantizadas por esta Hipoteca, estén
estas vencidas o no, conforme al orden de prioridad de pagos-

arrendamiento si este Acreedor procede sobre un arrendamien-
to.----------------------------------------------------------

----Si las indemnizaciones que pague la compañía aseguradora-
bajo las pólizas de seguros son retenidas por el Acreedor---
para reembolsar al Deudor el costo de restaurar o reparar la
Propiedad, la Propiedad deberá ser restaurada al equivalente
de su condición original o a cualquier otra condición que el
Acreedor apruebe por escrito.  El  Acreedor podrá, a su op-
ción, condicionar el desembolso de dichas indemnizaciones a
que obtenga su aprobación previa con relación a los planos y
especificaciones que haya preparado un arquitecto aceptable-
para él, los estimados de costos preparados por el contratis-
ta, las certificaciones expedidas por el arquitecto, las re-
nuncias de gravámenes, las declaraciones juradas suscritas
por los obreros y por los suplidores de los materiales y---
cualquier otra evidencia de costos, porcientos de terminación
de la construcción, aplicación de pagos y satisfacción de----
gravámenes, como el Acreedor pueda razonablemente exigir.  Si
el dinero recibido por concepto de indemnizaciones de seguros
fuere aplicado al pago de la deuda garantizada por esta Hipo-
teca, cualquier abono al principal de la deuda no afectará---
las fechas de vencimiento de los plazos mensuales estipulados
en los incisos 1 y 2 de este párrafo, ni alterará las cuantías
de dichos  plazos mensuales.. Si la Propiedad fuere vencida---
conforme a las disposiciones del inciso 20 de este párrafo o--
si el Acreedor adquiriere título sobre la Propiedad, éste -----
adquirirá todo el derecho, título e interés que el Deudor-----
posea sobre cualesquiera pólizas de seguro y primas anticipa-
das en relación con las mismas y sobre cualesquiera fondos---
provenientes de cualquier reclamación bajo una póliza de segu-
ro por concepto de indemnización por daños infligidos a la----
Propiedad antes de dicha venta o adquisición.----------------

El Deudor (a) no permitirá que la Propiedad sufra desper-
fecto, menoscabo o deterioro alguno; (b) no la abandonará;
(c) restaurará o reparará prontamente y en forma adecuada y
aceptable, toda o parte de la Propiedad al equivalente de su
condición original, o a cualquier otra condición que el—————
Acreedor apruebe por escrito, en caso de que la Propiedad———
sufriere cualquier daño, desperfecto o pérdida, haya o no——
disponibles fondos procedentes de indemnizaciones por concep
to de seguros para cubrir en todo o en parte los costos de——
tales reparaciones o restauraciones; (d) mantendrá en buenas
condiciones de reparación la Propiedad; (e) cumplirá con to-
das las leyes, ordenanzas, reglamentos y requerimientos a la
Propiedad; (f) dará notificación escrita al Acreedor de cual-
quier acción o procedimiento judicial que pudiera afectar la
Propiedad, la Hipoteca constituída en esta escritura, o los——
derechos o poderes del Acreedor y, a menos que el Acreedor——
ordene lo contrario por escrito, comparecerá y defenderá di-
cha Propiedad, Hipoteca y derechos o poderes en tales accio-
nes o procedimientos. Ni el Deudor, ni cualquier inquilino
u otra persona removerá, demolerá ninguna mejora ahora exis-
tente o que se erija en el futuro sobre la Propiedad, o nin-
guna instalación, equipo, maquinaria o accesorio que haya en
la Propiedad, excepto cuando ello fuera incidental al reem-
plazo de cualquier instalación, equipo, maquinaria y acceso-
rio por objeto de igual clase.————————————————————————————————
7. USO DE LA PROPIEDAD.————————————————————————————————————————
———A menos que lo requiera alguna ley aplicable o que el————
Acreedor lo haya autorizado expresamente por escrito, el————
Deudor no permitirá cambios en el uso al cual se destinó la
Propiedad total o parcialmente en el momento del otorgamien-
to de esta Hipoteca. El Deudor no gestionará ni aceptará——
ningún cambio en la clasificación de la Propiedad bajo los

---Si el Deudor incumpliere alguna de las cláusulas y con--
diciones contenidas en esta Hipoteca o si se incoare alguna
acción o procedimiento que afectare la Propiedad o el títu--
lo de dominio sobre la misma o los derechos del Acreedor en
ella incluyendo, pero sin limitarse a, expropiación forzosa,
insolvencia, ejecución de reglamentos de planificación, con-
curso de acreedores, procedimientos relacionados con quiebra
o sucesión a causa de muerte, el Acreedor a su opción podrá
hacer las comparecencias, desembolsos y tomar las acciones--
que estime necesarias para proteger su interés incluyendo,-
pero sin limitarse a, (1) desembolso de honorarios de aboga-
do; (2) entrada a la Propiedad para efectuar reparaciones;--
(3) contratación de los seguros adecuados según dispuesto en
el inciso 5 de este párrafo; y (4) si esta Hipoteca recae---
sobre un arrendamiento, el ejercicio de cualquier opción que
el Acreedor tenga para renovar o extender el arrendamiento en
representación del Deudor y la subsanación de cualquier -----
incumplimiento en que el Deudor haya incurrido en relación --
con los términos y condiciones del contrato de arrendamiento.
---Cualquier cantidad desembolsada para el Acreedor de acuer-
do con las disposiciones de este inciso 8 con sus intereses,
se considerará deuda adicional del Deudor garantizada por ---
esta Hipoteca. A menos que el Deudor y el Acreedor convengan
otros términos para el pago de dicha deuda adicional, se con-
siderará inmediatamente vencida y pagadera y devengará inte-
reses desde la fecha de su desembolso al tipo o tasa de inte-
rés especificada en el Pagaré, excepto cuando la misma resul-
te ser contraria a la ley, en cuyo caso dicha deuda adicional
devengará intereses al tipo o tasa más alta permitida bajo---
ley aplicable. El Deudor por la presente conviene y acuerda--
que el Acreedor quedará subrogado en el gravamen de cualquier

de lo estipulado en este inciso u de este parrafo, obligara
al Acreedor en algún gasto o a tomar acción alguna.----------

9.  INSPECCION.----------------------------------------------

---El Acreedor podrá hacer por sí mismo o a través de otras
personas visitas o inspecciones razonables a la propiedad.-

10.  EXPROPIACION FORZOZA.------------------------------------

--El Deudor notificará con prontitud al Acreedor de la ra-
dicación de cualquier acción o procedimiento relacionado con
la expropiación forzoza u otra forma de incautación, directa
o indirecta, de la Propiedad o parte de ella, y el Deudor---
comparecerá y litigará en tal acción o procedimiento a menos
que el Acreedor le ordene lo contrario por escrito.  El Deu-
dor por la presente autoriza al Acreedor a que, a su opción,
y en su capacidad de apoderado del Deudor, comparezca y li-
tigue a nombre propio, o a nombre del Deudor, en cualquier--
acción o procedimiento relacionado con la expropiación u----
otra forma de incautación de la Propiedad, directa o indirec
ta, y a transigir cualquier reclamación relacionada con di--
cha expropiación u otra forma de incautación.  Los fondos---
provenientes de cualquier laudo, pago o reclamación  por----
daños directos o como consecuencia de y en relación con -----
cualquier expropiación u otra forma de incautación directa o
indirecta de la Propiedad o de parte de ella, o por virtud--
de traspasos en lugar o substitución de una expropiación u-
otra forma de incautación, son por la presente cedidos y---
serán pagados al Acreedor, sujeto, si esta Hipoteca recae---
sobre un arrendamiento, a los derechos del arrendador bajo--
el contrato de arrendamiento.-------------------------------

---El Deudor autoriza al Acreedor a utilizar los fondos pro-
venientes de tales laudos, pagos, indemnizaciones o daños,---
después de deducir los gastos en que el Acreedor haya incu--
rrido en sus gestiones para cobrar tales fondos, a opción --

la Hipoteca, según constan o se indican en el orden de prioridad de pagos establecidos en el inciso 3 de este párrafo y el balance, si restare alguno, se le pagará al Deudor. A --- menos que el Deudor y el Acreedor acuerden por escrito lo--- contrario, cualquier uso de fondos para pagar el principal--- de la deuda no pospondrá ni extenderá las fechas de venci--- miento de los plazos mensuales referidos en el inciso 1 y 2 de este párrafo, ni modificará las cuantías de dichos pla--- zos. El Deudor se compromete a otorgar los documentos adi- cionales que el Acreedor requiera para evidenciar la cesión de cualesquiera laudos, indemnizaciones, daños o reclamacio- nes que surjan en relación con dicha expropiación u otra---- forma de incautación.----------------------------------------

11. FALTA DE DILIGENCIA DEL ACREEDOR EN CASO DE MORA NO----- CONSTITUYE RENUNCIA.--------------------------------------------

---Cualquier falta de diligencia del Acreedor en ejercitar-- algún derecho o remedio provisto a su favor en esta Hipoteca o concedido por ley, no constituirá renuncia ni impedimento- para el ejercicio de tal derecho o remedio. El hecho de que el Acreedor acepte el pago de cualquier suma garantizada por esta Hipoteca después de transcurrida la fecha de vencimien- to de dicha suma, ni constituirá renuncia del derecho del--- Acreedor de requerir el pago puntual de todas las demás su- mas garantizadas por esta Hipoteca, o de notificar el incum- plimiento por mora en el pago de esta Hipoteca. La obten-- ción de seguros o el pago por el Acreedor de contribuciones- u otros grávamenes u obligaciones, no implicará renuncia del derecho de éste a acelerar el vencimiento de la deuda garan- tizada por esta Hipoteca; ni el hecho de que el Acreedor---- reciba fondos provenientes de laudos, indemnizaciones o da- ños, bajo los incisos 5 y 10 de este párrafo, surtirá el --- efecto de subsanar o constituir una renuncia a los derechos-

Según el inciso 12, el vocablo "arrendamien-
to" significará "subarrendamiento" si esta Hipoteca recae-
sobre un arrendamiento.  El Deudor cumplirá sus obligacio-
nes como arrendador bajo todos los arrendamientos de la-
Propiedad o de cualquier parte de ella.  El Deudor no —
arrendará parte de alguna de la Propiedad excepto con la-
aprobación previa por escrito del Acreedor.  El Deudor,-
cuando el Acreedor se lo solicite, proveerá a éste copias-
debidamente autenticadas de todos los contratos de arrenda-
miento ahora existentes o que en adelante se otorgaren, de-
toda o parte de la Propiedad, y todos los arrendamientos-
ahora o en el futuro otorgados estarán sujetos en su forma-
y contenido a la aprobación del Acreedor.  Todos los arren-
damientos de la Propiedad específicamente dispondrán que-
están subordinados a esta Hipoteca, que el inquilino recono-
cerá que el Acreedor se convertirá en su arrendador, efec-
tivo cuando el Acreedor adquiera título de dominio sobre la
Propiedad, que el inquilino se compromete a proveer aquella
evidencia adicional acerca de ese reconocimiento que el-
Acreedor de tiempo de tiempo le requiera, que tal reconoci-
miento del inquilino no terminará porque se ejecute esta-
Hipoteca, y que el Acreedor podrá a su opción aceptar o —
rechazar tal reconocimiento del inquilino.  El Deudor no-
podrá, sin el consentimiento escrito del Acreedor, otorgar,
modificar, ceder o terminar oralmente o por escrito cualquier
arrendamiento ahora existentes que en el futuro se otorgare-
de toda o parte de la Propiedad por un término de tres años-
o más, ni podrá permitir una cesión o sub-arrendamiento de-
tal arrendamiento sin el consentimiento escrito del Acreedor
ni podrá solicitar o consentir a la subordinación de cual-
quier arrendamiento de toda o parte de la Propiedad, a cual-
quier gravamen que a su vez esté subordinado a esta Hipoteca.

acumulativo a todos los demás derechos bajo remedios provistos en esta Hipoteca o establecidos por ley o equidad, y podrá-- ser ejercitado concurrente, indepediente o sucesivamente, en cualquier orden.----------------------------------------------

14. ACELERACION EN CASO DE INSOLVENCIA DEL DEUDOR.---------

---Si el Deudor voluntariamente radicare una petición bajo - la Ley Federal de Quiebras, según enmendada de tiempo en---- tiempo, o bajo cualquier ley federal similar o sucesoria de- ésta relacionada con quiebras, insolvencia, composiciones o- reorganizaciones, o bajo cualquier ley estatal relativa a--- quiebras o insolvencia, o radicare una contestación en un--- procedimiento invluntario admitiendo insolvencia o incapa- cidad para pagar deudas, o si el Deudor no obtuviere una---- paralización o desestimación de procedimientos involuntarios incoados para la reorganización, disolución o liquidación -- del Deudor, o si el Deudor fuere declarado quebrado, o si se nombrare un administrador o síndico para el Deudor o para su propiedad, o si la Propiedad cayere bajo la jurisdicción de- una corte federal de quiebras o de una corte similar estatal o si el Deudor hiciere una cesión a beneficio de sus acree- dores, o si se efectuare un embargo o ejecución u otra forma de incautación judicial de cualquier parte de los activos--- del Deudor y tal incautación no fuere cancelada dentro de--- diez días, entonces el Acreedor podrá a su opción declarar-- inmediatamente vencidas todas las sumas garantizadas por---- esta Hipoteca,sin previo aviso al Deudor y el Acreedor podrá invocar cualesquiera remedios permitidos por el inciso 20 de este párrafo. Cualesquiera honorarios de abogado y otros--- gastos en que incurriese el Acreedor en relación con la quie- bra del Deudor, o con cualquiera de los antes mencionados--- acontecimientos, constituirán deuda adicional del Deudor---- garantizada por esta Hipoteca bajo el inciso 8 de este párra fo.----------------------------------------------------------

se venciere o traspasare (1) toda o parte de la Pro-
piedad, o cualquier derecho sobre la misma, (2) o intere--
ses beneficiarios en el Deudor (si el Deudor no fuere per-
sona natural sino una corporación, sociedad, fideicomiso u
otra persona jurídica), el Acreedor podrá, a su opción,---
declarar inmediatamente vencidas y pagaderas todas las su-
mas garantizadas por esta Hipoteca ejerciendo cualesquiera
permisibles bajo el inciso 20 de este párrafo. El Acreedor
no tendrá esa opción en los siguientes casos: (a) traspasos
que ocurran por virtud de legado o herencia o de alguna----
disposición de ley aplicable, con motivo de haber fallecido
un co-inquilino o un socio; (b) traspasos que ocurran en un
momento en que la reputación de crédito y habilidad geren-
cial del adquiriente sean satisfactorias para el Acreedor y
el adquiriente haya otorgado, previamente a la venta o ----
traspaso, un convenio escrito de asunción de Deuda que in-
cluya aquellos términos y condiciones que el Acreedor------
pueda requerir, incluyendo, si el Acreedor lo exigiere, un-
aumento en la tasa de intereses pagadera conforme al Paga-
ré; (c) un arrendamiento de una parte de la Propiedad por-
un término de tres años o menos (o por aquel término mayor
que el Acreedor permita previamente por escrito), cuyo ----
arrendamiento no contenga una opción de compra (excepto de
un interés en el contrato de arrendamiento si esta Hipoteca
gravare un arrendamiento); (d) ventas o traspasos de intere-
ses beneficiarios en el Deudor, siempre y cuando que tales—
ventas o traspasos, junto con cualesquiera ventas previas o
traspasos de intereses beneficiarios en el Deudor, pero in-
cluyendo ventas o traspasos bajo los sub-párrafos (a) y (b)
que preceden, no resulten en que más del cuarentinueve por-
ciento (49%) de los intereses beneficiarios en el Deudor --
hayan sido vendidos o traspasados desde el comienzo de la--

Excepto cualquier notificación que bajo una ley aplicable
deba ser diligenciada en forma distinta   (a) cualquier noti-
ficación al Deudor exigida en esta Hipoteca o en el Pagaré—
será diligenciada enviándola por correo certificado a la----
dirección del Deudor indicada más adelante, o a cualquier---
otra dirección que el Deudor indique en un aviso dirigido al
Acreedor a lo aquí dispuesto; (b) y cualquier notificación—
al Acreedor será diligenciada enviándola por correo certifi-
cado con acuse de recibo a la dirección del Acreedor aquí---
mencionada, o a cualquier otra dirección que el Acreedor----
indique en un aviso dirigido al Deudor conforme a lo aquí--
dispuesto.  Se considerará que cualquier notificación reque-
rida en esta Hipoteca o en el Pagaré ha sido debidamente ----
comunicada al Deudor o al Acreedor cuando se envíe en la----
forma aquí dispuesta.----------------------------------------

17.  LOS SUCESORES Y CESIONARIOS VIENEN OBLIGADOS; RESPONSA-
BILIDAD SOLIDARIA; AGENTES; TITULOS.------------------------
----Los acuerdos y convenios aquí incluidos obligarán y los--
derechos bajo esta escritura pasarán a los respectivos suce-
sores y cesionarios del Acreedor y del Deudor, sujeto a lo--
dispuesto en el inciso 15.-----------------------------------
----Todos los acuerdos y convenios del Deudor serán solida---
rios.  Al ejercitar cualesquiera derechos bajo la presente y-
tomar cualesquiera acciones aquí provistas, el Acreedor podrá
actuar por mediación de sus empleados, agentes o contratistas
independientes que sean autorizados por él.  Los títulos o---
encabezamientos de los párrafos en esta Hipoteca son usados--
únicamente para conveniencia del lector y no deberán usados-
para interpretar o definir su contenido.---------------------
18.  LEY APLICABLE; SEPARABILIDAD.---------------------------
----Esta Hipoteca se regirá por la ley del lugar en que se---
ubique la propiedad.  En caso de que cualquier disposición--
de esta Hipoteca o del Pagaré conflija con alguna ley-----

este fin, las disposiciones de esta Hipoteca y del Pagaré-- son por la presente declaradas separables. En caso de que- cualquier ley aplicable que limite la cuantía de los intere ses u otros cargos que se puedan cobrar al Deudor fuere in- terpretada en el sentido de que cualquier cargo en esta --- Hipoteca o en el Pagaré, ya se le considere separada o con- juntamente con otros impuestos con relación a esta Hipoteca y con el Pagaré, viola dicha ley y que el Deudor tiene dere cho a la protección de dicha ley, tal cargo queda por la--- presente reducido hasta el punto que sea necesario para --- eliminar tal violación. Las cantidades previamente pagadas al Acreedor que excedan de las cantidades realmente pagade- ras a él conforme a dichos cargos reducidos, si algunas,--- serán aplicadas por el Acreedor a la reducción del princi- pal de la deuda evidenciada por el Pagaré. A fines de----- determinar si se ha violado alguna ley aplicable que limite la cuantía de los intereses o de otros cargos que se puedan cobrar al Deudor, toda deuda garantizada por esta Hipoteca - o evidenciada por el Pagaré y que constituya intereses, y-- todos los demás cargos impuestos en relación con dicha deu- da que constituyan intereses, se considerarán distribuídos- a lo largo del término del Pagaré. A menos que una ley---- aplicable requiera lo contrario, tal distribución y espar- cimiento será efectuado en tal forma que la tasa de interés que se compute será uniforme a lo largo del término del----- Pagaré.--------------------------------------------------

19. CESION DE LAS RENTAS; NOMBRAMIENTO DE SINDICO; ACREE- DOR EN POSESION.----------------------------------------

---Como parte de la causa de la deuda evidenciada por el-- Pagaré, el Deudor por la presente absoluta e incondicional- mente cede y traspasa al Acreedor todas las rentas e ingre- sos de la Propiedad, incluyendo aquellos ahora vencidos,---

mente o uso de todo o parte de la Propiedad independien-

temente de a quien deban pagarse dichas rentas e ingresos

que exista actualmente o en el futuro. El Deudor por la--

presente autoriza al Acreedor o a sus apoderados a cobrar-

dichas rentas e ingresos y por la presente ordena al inqui

lino de la Propiedad a pagar dichas rentas al Acreedor, o-

a los Agentes de éste; disponiéndose, sin embargo, que an-

tes de que el Acreedor notifique al Deudor por escrito del

incumplimiento por el Deudor de cualquier claúsula o condi-

dición por él pactada en esta Hipoteca, el Deudor cobrará-

y recibirá todas las rentas e ingresos de la Propiedad en

su capacidad de fiduciario para beneficio del Acreedor y-

del Deudor, aplicará las rentas e ingresos así cobrados a

las sumas garantizadas por esta Hipoteca conforme a la re-

lación de pagos provistos en el inciso 3 de este párrafo y

el balance, siempre y cuando que tal incumplimiento de----

contrato no haya ocurrido, acreditarlo a la cuenta del----

Deudor, ya que es la intención del Deudor y del Acreedor--

que esta cesión de rentas e ingresos constituya una cesión

absoluta y no una cesión hecha meramente para establecer--

una garantía adicional. Tan pronto el Acreedor notifique

al Deudor por escrito el incumplimiento por este último de

cualquier claúsula o condición pactada en esta Hipoteca, y

sin que sea necesario que el Acreedor entre a la Propiedad

y tome posesión y mantenga absoluto control de ella en per

sona o por medio de su apoderado o agente, o de un síndico

nombrado por un tribunal, el Acreedor tendrá derecho inme-

diatamente a tomar posesión de todas las rentas e ingresos

de la Propiedad según anteriormente expresado en este inci

so 19, a medida que las mismas venzan y sean pagaderas,----

incluyendo pero sin limitarse a, las rentas que entonces--

estén vencidas y sin pagar e inmediatamente después que la

Case:07-00319-SEK Doc#:4 Filed:04/14/07 Entered:04/14/07 15:54:43 Desc: Main
Document Page 26 of 40

dor; disponiéndose, sin embargo, que la notificación escri-

ta del Acreedor al Deudor del incumplimiento de contrato por

este último, deberá contener una afirmación al efecto de ---

que el Acreedor ejercita sus derechos sobre tales rentas e-

ingresos. El Deudor conviene que, a partir del momento en

que el Acreedor notifique al Deudor dicho incumplimiento,-

tan pronto se entregue un requerimiento de pago escrito---

del Acreedor a cada arrendatario personalmente, por correo

o mediante entrega de dicho requerimiento de pago a cada--

unidad arrendada, cada arrendatario de la Propiedad hará--

dichas rentas pagaderas y pagará dichas rentas al Acreedor

o a sus apoderados, sin que incurra en responsabilidad el-

arrendatario por dejar de investigar si existe o no algún-

incumplimiento por parte del Deudor.----------------------

----El Deudor por la presente asegura que no ha otorgado---

cesión previa alguna de dichas rentas, que no ha tomado ni

tomará en el futuro acción alguna, ni ha otorgado ni otor-

gará en el futuro documento alguno que pudiera impedir que

el Acreedor ejercite sus derechos bajo este inciso 19 y que

a la fecha del otorgamiento de esta Hipoteca no se han he-

cho anticipos de las rentas de la Propiedad de más de dos-

meses. El Deudor acuerda que en futuro no cobrará ni acep-

tará pago de rentas de la Propiedad con más de dos meses de

anterioridad a las fechas de vencimiento de tales rentas.--

El Deudor acuerda, además, que otorgará y entregará al-----

Acreedor las cesiones adicionales de rentas e ingresos de-

la Propiedad que éste de tiempo en tiempo requiera.--------

----Al ocurrir cualquier incumplimiento del Deudor de cual-

quier cláusula o condición de esta Hipoteca, el Acreedor---

personalmente o por medio de su apoderado o agente, o de un

síndico nombrado por un tribunal, no importa lo adecuada----

mismas para ejecutar los actos que sean necesarios y apropia-
dos para la operación y mantenimiento de la Propiedad, in-
cluyendo pero sin limitarse a, el otorgamiento, cancelación
o modificación de arrendamientos, el cobro de todas las ren-
tas e ingresos de la Propiedad, la reparación de la Propie-
dad y el otorgamiento o terminación de contratos sobre la—
administración o mantenimiento de la Propiedad, todo bajo—
los términos y condiciones que se consideren más eficaces—
para la debida protección de la garantía provista de esta——
Hipoteca. En caso de que el Deudor incurriese en algún——
incumplimiento de alguna cláusula o condición de esta Hipo-
teca y que el Acreedor eligiere que se nombre un síndico——
para la Propiedad, el Deudor por la presente da su consenti-
miento expreso al nombramiento de tal síndico. El Acreedor-
o el síndico tendrá derecho a recibir honorarios razonables
por así administrar la Propiedad.——————————————
——Todas las rentas e ingresos cobradas con posterioridad a-
la entrega de la notificación escrita del Acreedor del incum-
plimiento del Deudor de algún término o condición de esta——
Hipoteca serán aplicadas en primer lugar para pagar los cos-
tos, si los hubiere, de tomar posesión de y administrar la—
Propiedad y de cobrar las rentas e ingresos, incluyendo pero
sin limitarse a, honorarios de abogado, honorarios del sín-
dico, primas de las fianzas del síndico, costos de reparar la
Propiedad, primas de las pólizas de seguros, contribuciones,-
imposiciones y otros cargos contra la Propiedad y los costos
de satisfacer cualquier obligación o responsabilidad del Deu-
dor en su capacidad de arrendador de la Propiedad, y después
se aplicarán al pago de las sumas garantizadas por esta Hipo-
teca.————————————————————————
——El Acreedor o el síndico tendrá acceso a los libros de——
contabilidad y records usados en la operación y mantenimiento

der's responsable al Deudor ni a sus sucesores o causaha-
tantes ni a ninguna persona que tenga un interés en la pro-
piedad por razón de cualquier cosa que haya hecho o que ha-
ya dejado de hacer el Acreedor bajo este inciso 19.----------
---Si las rentas de la Propiedad no fueren suficientes para
cubrir los costos, si los hubiere, de tomar posesión de la-
Propiedad y administrarla y de cobrar las rentas, cuales--
quiera fondos gastados por el Acreedor para tales fines----
constituirán deuda del Deudor al Acreedor garantizadas por-
esta Hipoteca bajo el inciso 18 de este párrafo.  A menos--
que el Acreedor y el Deudor convinieren por escrito otras--
condiciones de pago, tales cantidades vencerán y serán pa-
gaderas en el momento en que el Acreedor requiera el pago-
de las mismas y devengarán intereses desde la fecha del---
desembolso a la tasa indicada en el Pagaré, a menos que el-
pago de intereses a tal tasa sea contrario a ley aplicable,
en cuyo caso tales cantidades devengarán intereses a la ta-
sa más alta que legalmente pueda cobrarse al Deudor.-------
---El Acreedor o el síndico podrán entrar en la Propiedad--
y tomar en sus manos la administración de la misma y aplicar
las rentas según lo dispuesto en la presente sin que ello---
subsane cualquier incumplimiento del Deudor, ni constituya-
una renuncia por parte del Acreedor al derecho de hacer ----
cumplir las obligaciones contraídas por el Deudor en la ----
presente, ni despoje al Acreedor de cualquier derecho o re-
medio conferido por ley o por las disposiciones de la pre--
sente.  Esta cesión de rentas de la Propiedad terminará en-
el momento en que esta Hipoteca deje de garantizar deudas a-
favor del Acreedor.-----------------------------------------
20.  ACELERACION; REMEDIOS.---------------------------------
---Al incurrir el Deudor en incumplimiento de cualquier ----
acuerdo o condición de esta Hipoteca incluyendo, pero sin ---

todas las cantidades garantizas por esta hipoteca inmediatamente vencidas sin ningún otro requerimiento de pago y podrá ejecutar esta Hipoteca por medio de procedimiento judicial y/o invocar cualesquiera otros remedios legales permisibles en ley aplicables o provistos en la presente. El Acreedor tendrá derecho a recobrar todos los costos y gastos en que incurra en la tramitación de tales remedios incluyendo, pero sin limitarse a honorarios de abogado, los costos de cualquier evidencia documental y estudios de título.----------------------------------------------------------------

----21. RELEVO.--------------------------------------------------------------

----Al quedar pagadas todas las sumas de dinero garantizadas por esta hipoteca el Acreedor cancelará esta hipoteca por cuenta del Deudor o, a opción de este último, endosará el Pagaré "para cancelación únicamente"; y lo entregará al Deudor sin cargo alguno para éste.-------------------------

---QUINTO: LA PROPIEDAD: La descripción de la propiedad hipotecada es la siguiente:-----------------------------------------------------------------

--- PROPIEDAD A: RUSTICA: Solar radicado con el número uno que radica en el Barrio Cañaboncito de Caguas, Puerto Rico, con una cabida superficial de MIL NOVENTA Y DOS PUNTO SETENTA Y OCHO METROS CUADRADOS. En lindes por el Norte en cuarenta punto cuarenta metros con el solar número dos del mismo plano; por el Sur y Oeste en sesenta y siete punto sesenta y seis metros con Ricardo Baez y por el Este, en cincuenta metros con la carretera municipal.---------------

---Enclava una casa.--------------------------------------------------------

---Inscrito al Folio ciento noventa y cinco (195 vto) del Tomo ochocientos veinte (820) de Caguas, Finca número veintisiete mil sesenta y uno (27061) del Registro de la Propiedad de Caguas, Sección Primera.----------

---Responde la Propiedad A por CIENTO OCHENTA MIL SETECIENTOS DOLARES ($180,700.00)----------------------------------

---PROPIEDAD B: URBANA: Parcel of land at Urbanización Villa del rey fourth section located in Cañaboncito ward in the municipality of Caguas, Puerto Rico which is described in the plot plan of said development with the number, area and boundaries related as follows: lot number twenty five block LL; area THREE HUNDRED TWENTY FIVE POINT FORTY FOUR SQUARE METERS; bounded at the North, with a mall distance of fourteen point fourteen meters; at the South, with street seventeen dash A distance of twelve point nineteen meters; at the East

Number of pages          :   001

Start time               :   Jan-14 07:00am

End time                 :   Jan-14 07:00am

Pages sent               :   001

Status                   :   OK

Job number               :   973          *** SEND SUCCESSFUL ***

2 9

1/14/09

23-A.

Attn-
ROSANA
Fax: Vivian Roura
787-474-6837

with lot twenty six distance of twenty four point seventy two meters; at the
West with lots twenty three and twenty four, distance of twenty four point
seventy nine meters.————————————————————————————————————

——Consta inscrita al Folio treinta y dos (32) del Tomo mil trescientos
noventa y ocho (1398) de Caguas, Finca número catorce mil novecientas
treinta y tres (14933) del Registro de la Propiedad de Caguas, Sección
Primera.————————————————————————————————————————

——Responde la Propiedad B por OCHENTA Y CUATRO MIL
TRESCIENTOS DOLARES ($81,300.00).————————————————————

——PROPIEDAD C: URBANA: Solar radicado en el Barrio Cañaboncito
del término municipal de Caguas, Puerto Rico con una cabida superficial
de OCHOCIENTOS TREINTA Y SIETE PUNTO OCHOCIENTOS
VEINTICINCO METROS CUADRADOS. En lindes por el Norte y
Oeste, en treinta y uno punto cero cuatro metros y en veintiseis punto
cincuenta y nueve metros respectivamente con terrenos de la finca
principal de la cual se segrega; por el Sur, en treinta y uno punto doce
metros con terrenos del Señor Ramón Aponte; por el Este en veintiocho
punto cero tres metros con un camino público.————————————————

——Consta inscrita al Folio treinta y uno (31) del Tomo mil ochocientos
diez (810) de Caguas, Finca número veintiseis mil seiscientos veintiseis
(26626) del Registro de la Propiedad de Caguas, Sección Primera.————

——Responde la Propiedad C por SESENTA Y UN MIL SETECIENTOS
DOLARES ($58,700.00)————————————————————————————

noventa y ocho (1398) de Caguas, Finca número catorce mil novecientos treinta y tres (14933) del Registro de la Propiedad de Caguas, Sección Primera.----------------------------------------------------------------

---Responde la Propiedad B por OCHENTA Y CUATRO MIL TRESCIENTOS DOLARES ($81,300.00).--------------------------------

---PROPIEDAD C: URBANA: Solar radicado en el Barrio Cañaboncito del término municipal de Caguas, Puerto Rico con una cabida superficial de OCHOCIENTOS TREINTA Y SIETE PUNTO OCHOCIENTOS VEINTICINCO METROS CUADRADOS. En lindes por el Norte y Oeste, en treinta y uno punto cero cuatro metros y en veintiséis punto cincuenta y nueve metros respectivamente con terrenos de la finca principal de la cual se segrega; por el Sur, en treinta y uno punto doce metros con terrenos del Señor Ramón Aponte; por el Este en veintiocho punto cero tres metros con un camino público.--------------------

---Consta inscrita al Folio treinta y uno (31) del Tomo mil ochocientos diez (810) de Caguas, Finca número veintiséis mil seiscientos veintiséis (26626) del Registro de la Propiedad de Caguas, Sección Primera.----------

---Responde la Propiedad C por SESENTA Y UN MIL SETECIENTOS DOLARES ($58,700.00)-----------------------------------------------

----------------------------------------------------------------

----------------------------------------------------------------

----------------------------------------------------------------

----------------------------------------------------------------

----------------------------------------------------------------

----------------------------------------------------------------

----------------------------------------------------------------

----------------------------------------------------------------

----------------------------------------------------------------

----------------------------------------------------------------

-------------------------------------------------------

-------------------------------------------------------

-------------------------------------------------------

---Junto con todos  los edificios, mejoras y estructuras ---

que ahora o en adelante sea erigidas en la Propiedad, y todos

los callejones y calles que se abandonen y que colinden con--

la Propiedad cuyos títulos reviertan al Deudor por operación

de ley o de otra forma, y todas las servidumbres, derechos,--

pertenencias, rentas, regalías pertenecientes a la Propiedad-

y todas las instalaciones, maquinarias, equipos, motores,----

calderas, incineradores, materiales de construcción, enseres-

y objetos de diversas naturalezas que ahora o en adelante ---

estén localizados en, y que sean usados o se destinen para --

uso en relación con la Propiedad, todos los cuales serán con-

siderados como permanentemente adheridos a las edificaciones-

o mejoras en la Propiedad para adorno, comodidad o servicio--

de una industria, incluyendo pero sin limitarse a aquellos---

cuyo propósito sea suplir o distribuir calefacción, acondi--

cionamiento de aire, electricidad, gas, agua, aire y luz; y

todos los ascensores y maquinaria y equipo relacionados,-----

aparatos para evitar o extinguir incendios, aparatos para ---

controlar la seguridad y el acceso, artículos de plomería,---

bañeras, calentadores de agua, inodoros, fregaderos, cocinas,

estufas, neveras, lavadoras y secadoras de platos, triturado-

ras de desperdicios, lavadoras, secadoras, ventanas y puertas

a prueba de tormentas, tela metálica, cortinas, espejos, gabi

netes, paneles, alfombras, mobiliario, cuadros, antenas, ár-

boles y plantas, todo lo cual, incluyendo reemplazos y ------

antes descrito, unido a dicha propiedad (a la propiedad arrendada en caso de que esta Hipoteca gravará un arrendamiento) en esta escritura se denomina "La Propiedad".--------------------------------------------------------

---SEXTO: VALOR DE LA PROPIEDAD: Conforme a los efectos del Artículo Ciento Setenta y Nueve de la Ley Hipotecaria y del Reglamento de la Propiedad de mil novecientos setenta y nueve, se tasa la finca hipotecada en la suma de      TRESCIENTOS VEINTISEIS MIL SETECIENTOS DOLARES ($326,700.00) y este valor servirá como la oferta más baja en la primera subasta que se celebre en caso de que se incoe un procedimiento de ejecución de hipoteca. --------------------------

---SEPTIMO: Las partes comparecientes son: ----------------------------

---DOÑA VIVIAN ROVIRA SANTIAGO, cuyo número de seguro social es 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, y su esposo, DON JOSE PABON PEREZ, cuyo número de seguro social es 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, ambos mayores de edad, casados entre si, propietarios y vecinos de Caguas, Puerto Rico.----------------------

---DON JOSE PABON PEREZ comparece como Co-Deudor, no como co-dueño.---------------------------------------------------------------------------

---DOÑA JANNELLE FELICIANO ROVIRA, cuyo número de seguro social es 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, mayor de edad, soltera, propietaria y vecina de Caguas, Puerto Rico; DOÑA MARLENE FELICIANO ROVIRA, cuyo número de seguro social es 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, y su esposa, DON MARIO BAEZ DIAZ, cuyo número de seguro social es 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, ambos mayores de edad, casados entre si, propietarios y vecinos de Caguas, Puerto Rico.-----------------------------------------------------------

---Se aclara que Don Mario Baez Diaz comparece a los efectos de ratificar que la propiedad antes descrita en un bien privativo de Doña Marlene Feliciano Rovira.----------------------------------------------------------------

de pago que ella garantía se extiendan, cubran y graven su

participación sobre la propiedad objeto de esta transacción y consiente y

permite la ejecución de todo interés, cuota, participación o derecho que

ellas puedan tener en la actualidad o en el futuro sobre el inmueble objeto

de la presente hipoteca.------------------------------------------------------

---OCTAVO: DORAL MORTGAGE CORPORATION, número de

seguro social patronal 66-036-5296, una corporación organizada y

existente bajo las Leyes del Estado Libre Asociado de Puerto Rico, y

representada en este acto por DON PEDRO COLON MIRABAL, mayor

de edad, casado, ejecutivo y vecino de Trujillo Alto, Puerto Rico,

autorizado mediante Resolución Corporativa juramentada ante el Notario

Público Miguel García Suárez. ----------------------------------------------

---CERTIFICA EL NOTARIO CONOCER PERSONALMENTE AL

REPRESENTANTE DEL ACREEDOR.-------------------------------------

---------------------------------------------------------------------------------

---------------------------------------------------------------------------------

---------------------------------------------------------------------------------

---------------------------------------------------------------------------------

---------------------------------------------------------------------------------

---------------------------------------------------------------------------------

---------------------------------------------------------------------------------

---------------------------------------------------------------------------------

---------------------------------------------------------------------------------

---------------------------------------------------------------------------------

a los comparecientes las advertencias

legales pertinentes con referencia al otorgamiento de la ----

escritura.---------------------------------------------------

---Yo, el Notario, advertí a los comparecientes de su dere-

cho a tener testigos presentes en este otorgamiento, -------

derecho que ellos renunciaron.-------------------------------

---Los comparecientes habiendo leído esta escritura en su---

totalidad, plenamente confirman y ratifican que su contenido

es expresión fiel y exacta de los términos, estipulaciones,-

y condiciones por ellos convenidos.  Después de lo cual, los

comparecientes firman, estampando además sus iniciales en---

cada uno de los folios de este instrumento ante mi, el -----

Notario.-----------------------------------------------------

---Yo, el Notario, por la presente certifico todo lo dicho,-

y contenido en este documento.  Yo, el Notario, DOY FE.-----

-------------------------------------------------------------

-------------------------------------------------------------

-------------------------------------------------------------

-------------------------------------------------------------

-------------------------------------------------------------

-------------------------------------------------------------

-------------------------------------------------------------

-------------------------------------------------------------

-------------------------------------------------------------

-------------------------------------------------------------

-------------------------------------------------------------

-------------------------------------------------------------

-------------------------------------------------------------

-------------------------------------------------------------

property object of this deed is subject to any mortgage liens with priority
compareciente(s) que de estar la propiedad, objeto de esta escritura sujeta

over this mortgage, according to the agreement with the financing
a algún gravámen hipotecario con prioridad a la hipoteca constituída

institution and the requirement of the Regulation Number FIVE
mediante esta escritura, según lo acordado con la institución financiera y

THOUSAND THREE HUNDRED THIRTY SEVEN (5337) approved by
requerido por el Reglamento Registro Número CINCO MIL

by the Office of the Commissioner for Financial Institutions, the financing
TRESCIENTOS TREINTA Y SIETE (5337), promulgado por la Oficina

institution must retain from the funds generated by this mortgage loan a
del Comisionado de Instituciones Financieras, la institución financiera

balance sufficient to pay and cancel said lien(s); that there is(are) a (some)
deberá retener de los fondos generados por el préstamo garantizado por

check(s) which said Regulation Number FIVE THOUSAND THREE
esta hipoteca un balance suficiente para saldar y cancelar dicho(s)

HUNDRED THIRTY SEVEN (5537) requires the financing institution to
gravámen(es); que existe(n) un(os) cheque(s) el(los) cual(es) dicho

remit to said creditor(s) in order to obtain the cancellation of said lien(s),
reglamento Número CINCO MIL TRESCIENTOS TREINTA Y SIETE

although there is no guaranty that this will be done; that the owner of the
(5337) requiere que la institución financiera remita al(los) acreedor(es)

property being mortgaged pursuant to this deed has the right to require that
correspondiente(s) para la cancelación de tal(es) gravámen(es), aunque

such lien(s) be cancelled concurrently with this financing, and that if said
esto no constituye una garantía absoluta de que ello así será hecho; que el

owner voluntarily waives such right the appearing parties have been
que el dueño de la propiedad hipotecada mediante esta escritura tiene el

advised and are aware of the risks and consequences if such lien(s) are not
derecho a exigir que tal(es) sea(n) cancelado(s) en el mismo acto de este

cancelled; and that under the provisions of the Truth in Lending Act, in
financiamiento, y que de renunciar voluntariamente a ese derecho el(los)

such cases as these provisions are applicable, the financing institution has
compareciente(s) queda(n) advertido(s) y está(n) conciente(s) de los

no obligation to disburse any of the proceeds of the loan secured by this
riesgos y consecuencias de que dicho(s) gravámen(es) no sea(n)

These warnings having been made (the appearing party(ies) have waived
financiera no tiene obligación de desembolsar todo ni parte del préstamo

the right to require that said lien(s) be canceled concurrently with this act.
garantizado por esta hipoteca hasta que, en los casos apropiados, el

-----------------------------------------------------------------------

deudor hipotecario renuncie al derecho de rescindir o hasta haber

-----------------------------------------------------------------------

transcurrido el período durante el cual él tiene el derecho de rescindir, el

-----------------------------------------------------------------------

préstamo. Hechas estas advertencias, el(los) compareciente(s) ha(n)

-----------------------------------------------------------------------

renunciado al derecho de exigir que tal(es) gravámen(es) sea(n)

-----------------------------------------------------------------------

cancelado(s) en este mismo acto.-----------------------------------------

---I, the Notary, do hereby certify as to every thing stated or contained in
---Yo, el Notario, por la presente certifico de todo lo declarado y

this instrument.--------------------------------------------------------
contenido en este instrumento.------------------------------------------

--- I, the Notary, DO HEREBY ATTEST AGAIN.-----------------------------
---Yo, el Notario, REPITO LA FE.----------------------------------------

Certifico que este documento es copia
fiel y exacta del original que obra en
mi protocolo de instrumentos públicos
del año corriente y que el original está
firmado e iniciado por todas las partes
comparecientes.

NOTARIO PÚBLICO

VICTOR R. NUNEZ ARCO
PUERTO RICO
ABOGADO-NOTARIO

Exhibit #II

**United States Bankruptcy Court**
**District of Puerto Rico**

IN RE:                                                          Case No. 07-04630 SEK

ROVIRA SANTIAGO, VIVIAN                                         Chapter 13

_____
Debtor(s)

## AMENDED CHAPTER 13 PAYMENT PLAN

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee ☑ directly ☐ by payroll deductions as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.

PLAN DATED: 11/09/2007                          ☐ AMENDED PLAN DATED: _____
☑ PRE ☐ POST-CONFIRMATION               Filed by: ☐ Debtor ☐ Trustee ☐ Other

| I. PAYMENT PLAN SCHEDULE | II. DISBURSEMENT SCHEDULE |
|---|---|
| $ 864.00 x 60 = $ 51,840.00 | **A. ADEQUATE PROTECTION PAYMENTS OR** _____ $ _____ |
| $ _____ x _____ = $ _____ | **B. SECURED CLAIMS:** |
| $ _____ x _____ = $ _____ | ☐ Debtor represents no secured claims. |
| $ _____ x _____ = $ _____ | ☑ Creditors having secured claims will retain their liens and shall be paid as |
| $ _____ x _____ = $ _____ | follows: |
| | 1. ☐ Trustee pays secured ARREARS: |
| TOTAL: $ 51,840.00 | Cr. _____ Cr. _____ Cr. _____ |
| | # _____ # _____ # _____ |
| Additional Payments: | $ _____ $ _____ $ _____ |
| $ _____ to be paid as a LUMP SUM | 2. ☐ Trustee pays IN FULL Secured Claims: |
| within _____ with proceeds to come from: | Cr. _____ Cr. _____ Cr. _____ |
| | # _____ # _____ # _____ |
| ☐ Sale of Property identified as follows: | $ _____ $ _____ $ _____ |
| | 3. ☐ Trustee pays VALUE OF COLLATERAL: |
| | Cr. _____ Cr. _____ Cr. _____ |
| | # _____ # _____ # _____ |
| ☐ Other: | $ _____ $ _____ $ _____ |
| | 4. ☐ Debtor SURRENDERS COLLATERAL to Lien Holder: |
| | 5. ☐ Other: |
| Periodic Payments to be made other than, and in addition to the above: | 6. ☑ Debtor otherwise maintains regular payments directly to: |
| $ _____ x _____ = $ _____ | **FORD MOTOR CRED** |
| | **C. PRIORITIES:** The Trustee shall pay priorities in accordance with the law. |
| PROPOSED BASE: $ 51,840.00 | 11 U.S.C. § 507 and § 1322(a)(2) |
| | **D. UNSECURED CLAIMS:** Plan ☐ Classifies ☑ Does not Classify Claims. |
| **III. ATTORNEY'S FEES** | 1. (a) Class A: ☐ Co-debtor Claims / ☐ Other: |
| (Treated as § 507 Priorities) | ☐ Paid 100% / ☐ Other: |
| | Cr. _____ Cr. _____ Cr. _____ |
| Outstanding balance as per Rule 2016(b) Fee | # _____ # _____ # _____ |
| Disclosure Statement: $ 2,874.00 | $ _____ $ _____ $ _____ |
| | 2. Unsecured Claims otherwise receive PRO-RATA disbursements. |
| | **OTHER PROVISIONS:** *(Executory contracts; payment of interest to unsecureds, etc.)* |
| | SEE BOTH CONTINUATION SHEET FOR OTHER PROVISIONS. |
| | SEE CONTINUATION SHEET #2 FOR TREATMENT OF CREDITORS CRIM |
| Signed: _____ | AND DORAL BANK. |
| Debtor | |
| | |
| _____ | |
| Joint Debtor | |

Attorney for Debtor **Antonio Fiol Matta Law Offices** _____ Phone: **(787) 792-4368**

AMENDED CHAPTER 13 PAYMENT PLAN

© 1993-2007 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

IN RE ROVIRA SANTIAGO, VIVIAN

Debtor(s)

Case No. 07-04630 SEK

## AMENDED CHAPTER 13 PAYMENT PLAN
### Continuation Sheet - Page 1 of 1

| | Cr | # | $ |
|---|---|---|---|
| **Executory Contracts - Assumed** | **JOSE SANCHEZ** | | |
| | **MARIA OLMEDO** | | |
| | **NARLENE FELICIANO** | | |
| | **ROSA SANCHEZ** | | |
| | **SANTIAGO DIAZ** | | |
| | | | |
| **Executory Contracts - Rejected** | **ANA ROMAN** | | |
| | **CARLOS RIVERA** | | |
| | **CARMEN MENDEZ** | | |
| | **JESUS CRUZ** | | |
| | **LUIS SOSA** | | |
| | **MARIA MARTINEZ** | | |
| | **MIGUEL FONSECA** | | |
| | **ROBERT LABOY** | | |
| | **TOMAS RIOS** | | |

© 1993-2007 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

AMENDED CHAPTER 13 PAYMENT PLAN

-2-

Case No. 07-04630 SEK
Continued Other Provisions:

Claim #9 of Doral Bank shall be bifurcated. Account #3002001631 contained in said claim is filed in the amount of $426,728.61.

Claim #9 is guaranteed by a mortgage, in the principal amount of $326,700.00 secured by the real properties located at Sector El Paraiso B-11, Carr. #172, Km. 5.7, Caguas, Puerto Rico. This is identified as Property A in the mortgage deed and responds for $180,700.00 of the mortgage amount; identified as Property B in the mortgage deed is Urb. Villa Del Rey LL-25, Caguas, Puerto Rico and responds for $81,300.00 of the mortgage amount; identified as Property C in the mortgage deed is a property located at Carr. #172, Sector Los Meléndez, Caguas Puerto Rico and responds for $58,700.00 of the mortgage amount. The mortgage which constitutes the collateral on these properties is Deed No. 463 of October 29, 2002 of notary Victor R. Nuñez Arco, Esq.

The Debtors separate the mortgage amount of $180,700.00 for which their residence, Property A, responds from the rest of the amount owed under Claim #9, account #3002001631. The Debtors shall pay Doral Bank the amount which is set at a principle amount of $180,700.00, plus any interest or additional sums owed pro-rata on the mortgage. Said Mortgage be paid over the term of 30 years with interest at 8.5% per annum in 360 equal monthly payments of $1,389.42 commencing in the month of September 1, 2007. The mortgage shall be considered current. Other clauses of the mortgage not inconsistent with this plan shall remain in effect.

The monthly payment of $1,389.42 may vary depending on the final determination of the monthly amount to be paid through the corresponding complaint to be filed.

The Debtor shall pay through the plan any amounts owed to CRIM on the property identified as Property A above. All other amounts owed to CRIM on other properties shall be paid if and upon the sale of the same. Any funds available after payment of secured creditors and expenses of the sales shall be delivered to the Trustee.

The Debtor consents to the lifting of the automatic stay to all other properties listed in her Schedule A, to their secured creditors, not including the property identified as Property A in deed #463 above, Sector El Paraiso B-11, Carr. #172, Km. 5.7, Caguas, Puerto Rico.

The treatment to be obtained through the complaint for property A, if obtained, shall prevail whether the plan is ultimately confirmed or if confirmed, completed.

Confirmation of this plan shall constitute a determination that the plan complies with all the requirements of 11 U.S.C. §1325 & §521.